# UNITED STATES DISTRICT COURT

# DISTRICT OF MINNESOTA

| | |
|---|---|
| MANAGEMENT REGISTRY, INC., <br><br> Plaintiff, <br><br> v. <br><br> MILAN BATINICH, <br><br> Defendant. | Civil No. 18-1147 (JRT/TNL) <br><br> **MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT** |

James M. Morris, **MORRIS & MORRIS, P.S.C.**, 217 North Upper Street, Lexington, KY 40507; and Laura J. McKnight, Jessica M. Marsh, and Janet M. Olawsky, **JACKSON LEWIS P.C.**, 150 South Fifth Street, Suite 3500, Minneapolis, MN 55402 for plaintiff.

Sonia Miller-Van Oort, Jonathan A. Strauss, and Ryan O. Vettleson, **SAPIENTIA LAW GROUP, PLLC**, 120 South Sixth Street, Suite 100, Minneapolis, MN 55402, for defendant.

Plaintiff Management Registry, Inc. ("MRI"), brought this diversity action against Defendant Milan Batinich in December 2017 in the U.S. District Court for the Northern District of Illinois, which transferred the action to this Court in May 2018. Batinich did not file his Answer until July 11, after the deadline imposed by the Federal Rules. MRI moves for entry of a default judgment against Batinich pursuant to Federal Rule of Civil Procedure 55(b). Because Batinich is technically not in default, and because the *Belcourt* factors do not weigh in favor of entering a default judgment against Batinich, the Court will deny MRI's motion.

## BACKGROUND

MRI initiated this action in the U.S. District Court for the Northern District of Illinois in December 2017. (Compl., Dec. 7, 2017, Docket No. 1.) MRI asserts claims for various business torts against Batinich related to Batinich's former work for AllStaff, an MRI affiliate, and his current work for A.W. Companies, an MRI competitor. (*See id.* ¶ 1.) A.W. Companies is a defendant in an earlier-filed, related action in this Court brought by MRI. *See generally Mgmt. Registry, Inc. v. A.W. Cos.*, No. 17-5009, 2018 WL 461132 (D. Minn. Jan. 16, 2018).

Before this action was transferred here, the parties engaged in quite the whirlwind of motion practice. On December 8, 2017, one day after filing its complaint, MRI moved for a preliminary injunction and for expedited discovery. (Pl.'s Mot. for Prelim. Inj., Dec. 8, 2017, Docket No. 5; Pl.'s Mot. for Expedited Disc., Dec. 8, 2017, Docket No. 8.) Five days later, Batinich opposed MRI's two motions and filed one of his own: an "omnibus motion" to dismiss or transfer the case. (Def.'s Mem. in Opp'n, Dec. 13, 2017, Docket No. 20; Def.'s Omnibus Mot. to Dismiss, Dec. 13, 2017, Docket No. 21.) Batinich moved to dismiss under Rule 12(b)(2) for lack of personal jurisdiction or to transfer the case pursuant to 28 U.S.C. § 1404(a). Batinich pointed the court to the earlier-filed, related action in this Court. The next day, December 14, the Illinois court held a hearing on the parties' motions at which both sides were represented by counsel and during which each side explained their view of the case. (*See* Tr. of Proceedings, Feb. 14, 2018, Docket No. 45.)

In January 2018, the U.S. District Court for the Northern District of Illinois denied Batinich's motion to dismiss or transfer. (Order, Jan. 26, 2018, Docket No. 34.) MRI promptly renewed its motions for a preliminary injunction and for expedited discovery. (Pl.'s Mot. to Renew, Jan. 30, 2018, Docket No. 35.) Prior to a second hearing on MRI's (renewed) motions, Batinich asked the U.S. District Court for the Northern District of Illinois to reconsider his motion to dismiss or transfer; he also moved to strike a declaration that MRI submitted in its opposition to Batinich's motions. (Def.'s Mot. to Strike and to Reconsider, Feb. 15, 2018, Docket No. 46.) At that second hearing, the court took MRI's renewed motions under advisement and ordered MRI to respond to Batinich's motion to reconsider. (Minute Entry, Feb. 20, 2018, Docket No. 52.) In April, the U.S. District Court for the Northern District of Illinois granted Batinich's motion to reconsider and his motion to transfer, (Mem. Op., Apr. 2, 2018, Docket No. 55), and this case was transferred here in May (*see* Docket Nos. 56-57).

It appears that Batinich's Answer was due on February 9, 2018.[1] Because Batinich filed a Rule 12 motion within twenty-one days of being served with MRI's complaint and summons, his time to file his Answer was extended to fourteen days after the court denied the motion. Fed. R. Civ. P. 12(a)(4)(A). Batinich's motion was denied on January 26, 2018, making Batinich's Answer due February 9. It does not appear, however, that either

---

[1] The exact date that Batinich's Answer was due is immaterial because Batinich admits that he missed the deadline.

party gave much thought to Batinich's Answer until May – understandable given the parties' attention on their aforementioned motion practice.[2]

On May 29, MRI moved for entry of default judgment, and a week later, Batinich sought an extension of time to file his Answer pursuant to Rule 6(b). (Pl.'s Mot. for Default J., May 29, 2018, Docket No. 67; Def.'s Mot. for Extension of Time, June 5, 2018, Docket No. 76.) The Court granted Batinich's motion, (Order, July 10, 2018, Docket No. 85), and Batinich filed his Answer on July 11 (Answer, July 11, 2018, Docket No. 86.)

## DISCUSSION

### I. STANDARD OF REVIEW

Rule 55(b)(2) permits a court to enter a default judgment. But "default judgments are 'not favored by the law and should be a rare judicial act.'" *Belcourt Pub. Sch. Dist. v. Davis*, 786 F.3d 653, 661 (8th Cir. 2015) (quoting *In re Jones Truck Lines, Inc.*, 63 F.3d 685, 688 (8th Cir. 1995)). Instead, "there is a 'judicial preference for adjudication on the merits.'" *Id.* (quoting *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 784 (8th Cir. 1998)). In determining whether to enter a default judgment, courts may consider several factors, including:

---

[2] Although the court on April 2 granted Batinich's motion to reconsider his motion to transfer pursuant to 28 U.S.C. § 1404(a), the court denied as moot Batinich's motion to reconsider his 12(b)(2) motion. Thus, it appears that Batinich's Answer remained due February 9 – fourteen days after the court's January 26 denial of Batinich's Rule 12 motion. *See* Fed. R. Civ. P. 12(a)(4)(A). Batinich's motion to dismiss under Rule 12(b)(2) for lack of personal jurisdiction would have been the only basis to extend the time to file an Answer because a motion to transfer venue under 28 U.S.C. § 1404(a) does not stay the time to file a responsive pleading. *See* Fed. R. Civ. P. 12(a)(4)(A); *iFLY Holdings LLC v. Indoor Skydiving Germany Gmbh*, No. 14-1080, 2016 WL 3675135, at *2 (E.D. Tex. Mar. 14, 2016).

> [T]he amount of money potentially involved; whether material issues of fact or issues of substantial public importance are at issue; whether the default is largely technical; whether plaintiff has been substantially prejudiced by the delay involved; . . . whether the grounds for default are clearly established or are in doubt[;] . . . how harsh an effect a default judgment might have; or whether the default was caused by a good-faith mistake or by excusable or inexcusable neglect on the part of the defendant.

*Id.* (first alteration in original) (quoting *Briarpatch Ltd., L.P. v. Geisler Roberdeau, Inc.*, 513 F. Supp. 2d 1, 3 (S.D.N.Y. 2007)).

## II. MRI'S MOTION FOR DEFAULT JUDGMENT

At the outset, the Court notes that technically Batinich is not in default, at least not any more. The Court granted Batinich an extension of time to file his Answer pursuant to Rule 6(b), and Batinich filed his Answer within the time that the Court ordered. Thus, Batinich's Answer was not untimely filed and Batinich is not in default.

But even if he were, the factors articulated in *Belcourt* do not weigh in favor of entering a default judgment against Batinich.

The Court first considers the amount of money potentially involved. On the current record, however, the Court cannot ascertain how much is at stake in the present action. MRI alleges that Batinich has interfered with MRI's relationships with its customers and employees and misappropriated MRI's confidential business information, but there are no facts from which the Court can quantify Batinich's alleged harm to MRI. Thus, this factor is neutral.

The Court next considers whether material issues of fact or issues of substantial public importance are at issue. Here, there are several hotly disputed material issues of fact. The parties presented – during the December 14 hearing and in their briefing on MRI's motion for a preliminary injunction and expedited discovery – very different versions of the relevant business dealings that took place late last year. There are several material factual disputes, including who owns or owned which companies; who owns or owned certain property; who may or may not have been employed by which companies; and what may or may not have been agreed to as part of several business dealings. Thus, this factor weighs heavily against entering default judgment against Batinich.

The Court next considers whether the default is largely technical. Batinich's default was largely – if not exclusively – technical. He missed the deadline to file his Answer. Although the Answer is one of the most important pleadings in civil litigation, Batinich did not fail to defend against MRI's motion for a preliminary injunction and he successfully persuaded the U.S. District Court for the Northern District of Illinois to transfer this action here. His default was technical, not substantive. Thus, this factor weighs against entering a default judgment against him.

The Court next considers whether the plaintiff has been substantially prejudiced by the delay involved. MRI has not been substantially prejudiced by Batinich's delay. At the December 14 hearing, Batinich generally explained his view of the case, thereby putting MRI on notice of what it could expect from Batinich going forward. Moreover, the parties were focused on and after February 9 on MRI's renewed motions for a preliminary injunction and expedited discovery and Batinich's motion to reconsider. MRI did not move

for a default judgment shortly after February 9, suggesting that it did not have a strong interest in getting Batinich's Answer as soon as possible. Batinich submitted his proposed Answer with his motion for an extension of time five days after MRI filed its motion for default judgment, and the Court required Batinich's Answer to be substantially identical to his proposed Answer, thereby putting MRI on notice as early as June of the substance of Batinich's Answer. Also, it appears that Batinich's views of this dispute are similar to the views of the defendants in the earlier-filed action before this Court, further reducing any prejudice to MRI. Overall, the prejudice to MRI by Batinich's delay is minimal. Thus, this factor weighs against entering a default judgment against Batinich.

The Court next considers whether the grounds for default are clearly established or are in doubt. Here, the ground for default is clear: Batinich failed to file an Answer until July 11. Batinich does not dispute that he missed the deadline. And although the precise date of that deadline might have been arguable in February given the parties' motion practice, Batinich's counsel entered an appearance before this Court over three weeks before MRI moved for default judgment. Under any due-date calculation, Batinich failed to timely file an Answer. Thus, this factor weighs in favor of entering a default judgment against Batinich, whose counsel probably should have known better.

The Court next considers how harsh an effect a default judgment might have. Here, the effect would be rather harsh. Batinich's substantive defense of this action would be over, MRI would prevail on its theories of liability, and the Court would presumably then determine the amount of damages or scope of injunctive relief to award. Depriving Batinich of the opportunity to defend himself against MRI's claims for liability would be

a very harsh result. Thus, this factor weighs against entering a default judgment against Batinich.

Finally, the Court considers whether the default was caused by a good-faith mistake or by excusable or inexcusable neglect on the part of the defendant. The Court finds that Batinich's failure to file an Answer until July 11 was a good-faith mistake or, at worst for Batinich, excusable neglect. The Court finds credible Batinich's counsel's statements that "this case seemed to come to a halt" during consideration of Batinich's motion to reconsider and during the nearly one month that it took for this case to actually be transferred, and that the "initial commotion and flurry of this matter" caused Batinich's counsel to inadvertently fail to file an Answer until July 11. (Decl. of Sonia Miller-Van Oort ¶¶ 10-11, June 15, 2018, Docket No. 78.) Thus, this factor weighs against entering a default judgment against Batinich.

Because Batinich is not in default, and because the *Belcourt* factors do not weigh in favor of entering a default judgment against him, the Court will deny MRI's motion.[3] However, the Court strongly advises Batinich – and his counsel – to be mindful of all future deadlines in this action and related actions.

---

[3] The same overall analysis justifying the Court's denial of MRI's motion for default judgment justified the Court's granting of Batinich's motion for an extension of time to file his Answer.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Default Judgment [Docket No. 67] is **DENIED**.

DATED: July 30, 2018                   _____s/John R. Tunheim_____
at Minneapolis, Minnesota.             JOHN R. TUNHEIM
                                                        Chief Judge
                                                  United States District Court